IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEANGELO EVANS, SR.,

                Plaintiff,

v.

CURT FELL and ROCK CNTY. SHERIFF'S DEP'T,

                Defendants.

ORDER

24-cv-587-jdp

---

    Plaintiff DeAngelo Evans, Sr. is a pretrial detainee at the Rock County Jail. Proceeding without counsel, Evans brings several federal claims, alleging that unlawful conditions of confinement are harming his health and jeopardizing his safety.

    Because Evans proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Evans's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted and other pleading problems, but I will allow Evans to amend the complaint to fix these problems.

    I begin with some general pleading problems. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires each allegation in the complaint to "be simple, concise, and direct." Rule 10(b) requires the complaint's allegations to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule

10(d) further provides that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

Evans's complaint doesn't comply with these general pleading rules. The complaint is unnecessarily long, disorganized, argumentative, and redundant. The complaint lacks numbered paragraphs and has claims scattered throughout it. These pleading problems prevent me from identifying Evans's claims and the allegations on which he bases them. I must construe Evans's allegations generously, but I cannot construct his claims for him.

I turn to more specific pleading problems. Evans refers to multiple events in his complaint, but he omits dates—or even date ranges—for nearly all of them. Evans's allegation that *some* of the events underlying his claims occurred from the beginning of February 2024 to the end of May 2024 isn't enough to give defendants fair notice of the events on which he bases each of his claims.

Evans's complaint is also deficient because he doesn't specify which jail officials were involved in the events on which he bases his claims. For a jail official to be liable for a civil rights violation, the official must be personally involved in that deprivation. Evans names Rock County Sheriff Curt Fell as a defendant in the complaint's caption, but he doesn't explain in the complaint's body how Fell was involved in the numerous deprivations that he alleges. Evans just refers to unidentified "jail officials" in passing.

Evans mentions Judge Jeffery Kuglitsch, District Attorney Margaret Ginocchio, and "Dobbs" in the complaint's body. But Jeffery didn't name these individuals as defendants in the complaint's caption, as he must do to state a claim against them. In any case, Evans's allegations are too vague and disorganized to support a plausible inference that any of them

deprived him of his civil rights. Also, the complaint doesn't suggest that Kuglitsch or Ginocchio could have been involved in the underlying events because they occurred at the jail.

I will allow Evans to amend his complaint to fix the problems identified above. Evans must file his amended complaint on the court's prisoner complaint form, which it will send him with this order. Evans must fill out the form completely. If Evans needs more space to allege his claims, he may submit no more than five supplemental pages. Any text or handwriting on the form or a supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. (The spacing in the current complaint's supplemental pages doesn't meet this standard.) Also, even if handwritten, the amended complaint must be clearly legible.

Evans should identify the claims he wishes to bring in the amended complaint, but he should omit any legal arguments. Evans should also carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights. Evans must explain what each defendant did, or did not do, that violated his rights. If there are multiple defendants, Evans should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Evans believes supports a claim, he should identify each defendant who took that action. Evans also should identify by full name in the amended complaint's caption each individual or entity that he wishes to sue.

ORDER

IT IS ORDERED that:

1. Plaintiff DeAngelo Evans, Sr. may have until December 27, 2024, to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, I may dismiss the case.

4. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint package.

Entered November 27, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge